UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-00790-DOC (JEMx) | Date | August 5, 2016 |
|---|---|---|---|
| Title | Carve Designs, Inc. v. Australian Apparel Pty.Ltd., et al. | | |

| Present: The Honorable | **JOHN E. MCDERMOTT, UNITED STATES MAGISTRATE JUDGE** |
|---|---|

| S. Anthony | |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

**Proceedings:**   **(IN CHAMBERS) ORDER RE DEFENDANTS' MOTION TO COMPEL FURTHER RESPONSES TO REQUESTS FOR PRODUCTION, PRODUCTION OF DOCUMENTS, AND A PRIVILEGE LOG (Docket Nos. 101, 127 and 157)**

On July 5, 2016, Defendants Australian Apparel Pty.Ltd., Carve USA, Inc. and Versatraction, Inc. d/b/a/ VGT Sports ("Defendants") filed a Motion to Compel Further Responses to Requests for Production, Production of Documents and a Privilege Log ("Motion") from Plaintiff Carve Designs, Inc. ("Plaintiff") in this trademark infringement case. (Dkt. 101.) In its July 25, 2016 Order, the Court noted that the privilege log issue was moot and, because Plaintiff had indicated an intent to serve amended responses, ordered the parties to file a Supplemental Joint Statement on what issues remained in dispute. (Dkt. 127.) The parties did so on August 1, 2016. (Dkt. 157.)

In its "Motion," Defendants sought to compel Plaintiff to produce documents responsive to Request Nos. 17, 22-24, 39-42, 44-45 and 61 (62) of Defendants' First Request for Production of Documents. In its August 1, 2016 Supplemental Joint Statement, the parties indicated that Request Nos. 22-24[1], 39-40, 41-43[2], 56[3] and 61 were resolved. This leaves only Request No. 17 at issue. The Court agrees with Plaintiff that the Request was not for costs allocated to the promotion of the alleged trademark, but costs for marketing goods bearing the CARVE mark. Defendants have received the documents they requested. Defendants' Motion is DENIED as to Request No. 17. Defendants' Motion is DENIED without prejudice as to Request No. 62 which requested documents regarding Plaintiff's team of ambassadors. Defendants appear to be seeking documents not requested. The Supplemental

---

[1] Defendants indicated the issue would be resolved if Plaintiff would represent it is not withholding production of any documents based on objections. Plaintiff did so represent.

[2] Reference to Request No. 43 appears to be in error as it is not among the Requests as to which Defendant was seeking to compel production.

[3] Plaintiff has agreed to amend its response to make clear it is not withholding documents, which moots the issue.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-00790-DOC (JEMx) | Date | August 5, 2016 |
|---|---|---|---|
| Title | Carve Designs, Inc. v. Australian Apparel Pty.Ltd., et al. | | |

Joint Statement is unclear what remains in dispute. The parties should continue to meet and confer, and Defendants can seek further relief on shortened notice if the parties are unable to come to an agreement on the scope of production.

      In its Motion, Defendants also sought amended responses to Request Nos. 1, 3-6, 8-15, 17-21, 25-38, 43, 46-51, 54-55, 57-60 and 62-70. Plaintiff asserts that its amended responses state where Plaintiff is relying on its objections to withhold documents. The Court cannot ascertain from the Supplemental Joint Statement what remains in dispute. The parties should meet and confer, and Defendants can seek further relief on shortened notice if the parties are unable to come to an agreement on whether Plaintiff has made clear in each Request whether it is relying on objections to withhold documents.

cc: Parties

                                                                                                                 : 

                                  Initials of Preparer                    sa